KRASELNIK & LEE
Robert L. Kraselnik (RK 0684)
C.K. Lee (CL 4086)
The Empire State Building
350 Fifth Avenue, Suite 1729
New York, New York 10118
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WEI CHU WANG,
on behalf of himself
and others similarly situated,

        Plaintiff,

v.

SING TAO NEWSPAPERS NEW YORK LTD.
and ROBIN MUI,

        Defendants.

---

Case No.:

**COMPLAINT**

**Jury Trial Demanded**

[Stamp: 09 CV 10454]
[Stamp: Judge Hellerstein]
[Stamp: RECEIVED DEC 23 2009 U.S.D.C. S.D.N.Y. CASHIERS]

Plaintiff, WEI CHU WANG (hereinafter, "WANG" or "Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorney, hereby files this Complaint against Defendants, SING TAO NEWSPAPERS NEW YORK LTD. ("SING TAO") and ROBIN MUI ("MUI") (each individually, "Defendant" or, collectively, "Defendants"), and states as follows:

10840504.2

1

## INTRODUCTION

1. Plaintiff, WANG, alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 et. seq. ("FLSA"), that he is entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid minimum wages, (3) liquidated damages and (4) attorneys' fees and costs.

2. Plaintiff, WANG, further alleges that, pursuant to the New York Labor Law, he is entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid minimum wages, (3) unpaid spread of hours premium, (4) liquidated damages and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the SOUTHERN District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff, WANG, is a resident of Queens County, New York.

6. Upon information and belief, Defendant, SING TAO, is a domestic business corporation organized under the laws of New York, with a principal place of business and an address for service of process at 188 LAFAYETTE STREET, NEW YORK, NEW YORK 10013.

7. Upon information and belief, Defendant, MUI, is the Chairman or Chief Executive Officer of SING TAO NEWSPAPERS NEW YORK LTD.

8. Plaintiff was employed by Defendants in NEW YORK County, New York, from on or about September 2003 until on or about August 2008.

9. At all relevant times, Defendant, SING TAO, was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

10. At all relevant times, the work performed by Plaintiff, WANG, was directly essential to the business operated by Defendants.

11. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff, WANG, his lawfully earned overtime wages in direct contravention of the FLSA and the New York Labor Law.

12. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff, J WANG, his lawfully earned minimum wages in direct contravention of the FLSA and the New York Labor Law.

13. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff, WANG, his lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

14. Plaintiff, WANG, has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

15. On or about 1996, Plaintiff, WANG, was hired by Defendant, SING TAO NEWSPAPERS NEW YORK LTD., and Defendant, ROBIN MUI, and/or their predecessors, as applicable, to work as an advertisement salesperson for Defendants' "SING TAO" newspaper with a principal place of business located at 188 LAFAYETTE STREET, NEW YORK, NEW YORK 10013.

16. Plaintiff worked for Defendants until on or about August 2008.

10840504.2

17. During Plaintiff's employment by Defendants, he worked over forty (40) hours per week.

18. During Plaintiff's employment by Defendants, he often worked over ten (10) hours per day.

19. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to the Plaintiff and other similarly situated employees.

20. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to the Plaintiff.

21. Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiff.

22. Plaintiff retained Kraselnik & Lee, PLLC to represent him and other employees similarly situated in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

23. Plaintiff realleges and reavers Paragraphs 1 through 22 of this Complaint as if fully set forth herein.

24. At all relevant times, upon information and belief, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

25. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

10840504.2

4

26. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

27. At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff for his hours worked in excess of forty hours per workweek.

28. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

29. Plaintiff worked hours for which he was not paid the statutory minimum wage.

30. At all relevant times, the Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff for his hours worked.

31. Defendants failed to pay Plaintiff minimum wages in the lawful amount for his hours worked.

32. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

33. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory rate of time and one-half for his hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

10840504.2

34. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff minimum wages for hours worked when Defendants knew or should have known such was due.

35. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

36. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

37. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid overtime wages and unpaid minimum wages, plus an equal amount as liquidated damages.

38. Plaintiff is entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

39. Plaintiff realleges and reavers Paragraphs 1 through 38 of this Complaint as if fully set forth herein.

40. At all relevant times, Plaintiff was employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

41. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

42. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff minimum wages in the lawful amount for hours worked.

43. Defendants willfully violated Plaintiff's rights by failing to pay "spread of hours" premium to Plaintiff for each day he worked ten (10) or more hours.

44. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid overtime, unpaid minimum wages, unpaid "spread of hours" premium, damages for unreasonably delayed payments, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law §663(1).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, WANG, on behalf of himself and all similarly situated employees, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d. An award of unpaid minimum wages due under the FLSA and the New York Labor Law;

e. An award of unpaid "spread of hours" premium due under the New York Labor Law;

7

10840804.2

f. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and minimum wages pursuant to 29 U.S.C. § 216;

g. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, minimum wages and "spread of hours" premium pursuant to the New York Labor Law;

h. An award of prejudgment and postjudgment interest;

i. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

j. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: December 21, 2009
New York, New York

Respectfully submitted,

KRASELNIK & LEE, PLLC
Robert L. Kraselnik (RK 0684)
C.K. Lee (CL 4086)
The Empire State Building
350 Fifth Avenue, Suite 1729
New York, New York 10118
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs*

By: _____
C.K. Lee (CL 4086)

8

10840504.2