UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

WEI CHU WANG, on behalf of himself and other similarly situated,

                     Plaintiff,

            - against -

SING TAO NEWSPAPERS NEW YORK LTD. and ROBIN MUI,

              Defendants.

------------------------------------------------------------x

Civil Action No.:  09 Civ. 10454

NOTICE OF PLAINTIFF'S MOTION FOR CONDITIONAL COLLECTIVE CERTIFICATION AND FOR COURT FACILITATION OF NOTICE PURSUANT TO 29 U.S.C. § 216(b)

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR CONDITIONAL COLLECTIVE CERTIFICATION**

1

# TABLE OF CONTENTS

TABLE OF AUTHORITIES

I.    PRELIMINARY STATEMENT ................................................................................ 4

II.   BACKGROUND ................................................................................................... 5

III.  ARGUMENT........................................................................................................ 6

    A.    EARLY NOTICE TO "SIMILARLY SITUATED" EMPLOYEES
        IS APPROPRIATE AND NECESSARY ........................................................6

        i.    Sending Expedited Notice to "Similarly Situated" Employees
            Fulfills the FLSA's Broad Remedial Purposes ...............................7

    B.    THE COURT SHOULD CERTIFY THE COLLECTIVE ACTION
        AND ORDER NOTICE .............................................................................8

        i.    The Standard for Conditional Certification and Notice Is
            Lenient .........................................................................................8

        ii.   The Underlying Merits of the Case are Immaterial to the
            Determination of Conditional Certification and Notice .............11

        iii.  Plaintiffs Have Made the Modest Factual Showing Required
            for Conditional Certification......................................................12

    C.    DISCOVERY OF NAMES, ADDRESSES, TELEPHONE
        NUMBERS, AND SOCIAL SECURITY NUMBERS IS PROPER
        AND NECESSARY UNDER § 216(b) ...............................................12

    D.    THE PROPOSED NOTICE IS FAIR AND ADEQUATE .................................13

IV.   CONCLUSION................................................................................................. 14

## TABLE OF AUTHORITIES

**CASES**

*Anglada v. Linens n' Things, Inc.*, No. 06 Civ 12901, 2007 U.S. Dist. LEXIS 39105, at *11 (S.D.N.Y. Apr. 26, 2007) ................................................................................................................................................................8

*Braunstein v E. Photographic Labs.*, 600 F.2d 335, 336 (2d Cir. 1975) ...............................................6

*Cook v. United States*, 109 F.R.D. 81, 83 (F.D.N.Y. 1995)...................................................................7

*Cuzco v. Orion Builders, Inc.,* 477 F. Supp. 2d 628, 633 (S.D.N.Y. 2007) ..........................................6

*Dumitrescu v. Mr. Chow Enters., Ltd.*, No. 07 Civ 3601, 2008 U.S. Dist. LEXIS 49881, at *11 (S.D.N.Y. June 30, 2008) ..........................................................................................................................................................10

*Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317, 323 (S.D.N.Y. 2007) .......................................6

*Foster v. Food Emporium*, No. 99 Civ, 3860, 2000 U.S. Dist. LEXIS 6053, at *5 (S.D.N.Y. Apr. 26, 2000) ............7

*Gjurovich v. Emmanuel's Marketplace* 282 F. Supp. 2d 91, 104 (S.D.N.Y. 2003) ......................................8

*Hallissey v. Amer. Online, Inc.*, No. 99 Civ. 3785, 2008 U.S. Dist. LEXIS 18387, at *6 (S.D.N.Y. Feb. 19, 2008)....9

*Hoffinann v. Sharro, Inc.*, 982 F. Supp. 249, 262 (S.D.N.Y. 1997)...........................................................8

*Hoffinann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989)...............................................................6

*Iglesias-Mendoza v. l.a Belle Farm, Inc.*, 239 F.R.D. 363, 368 (S.D.N.Y. 2007) ....................................7

*Khalil v. Original Homestead Rest., Inc.*, No. 07 Civ. 695, 2007 U.S. Dist. LEXIS 70372, at "3 (S.D.N.Y. Aug. 9, 2007) ..........................................................................................................................................................10

*Laroque v. Domino's Pizza, LLC,* 557 F. Supp. 2d 346, 354 (F.D.N.Y. 2008)..............................................11

*Lee v. ABC Carpet & Homes*, No. 00 Civ. 0984, 2008 U.S. Dist. LEXIS 38725, at *3-4 (May 9,2008)...................13

*Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y, 2007) .........................................11

*Masson v. Ecolab, Inc.,* No. 04 Civ. 4488 2005 U.S. Dist. LEXIS 18022, at *37 (S.D.N.Y. Aug. 17, 2005).............10

*Mazur v. Olek Lejbzon & Co.*, No. 05 Civ. 2194, 2005 U.S. Dist. LEXIS 30321, at *15 (S.D.N.Y. Nov. 30, 2005) ...9

*Mentor v. Imperial Parking Sys., Inc.*, 246 F.R.D. 178, 181 (S.D.N.Y. 2007).............................................8

*Patton v. Thomson Corp.*, 264 F. Supp. 2d 263, 267-68 (E.D.N.Y. 2005) ...................................................7

*Realite v. Ark Rests. Corp.*, 7 F. Supp. 2d 303, 306 (S.D.N.Y. 1998) ........................................................9

*Sherrill v. Sutherland Global Servs., Inc.*, 487 F. Supp. 2d 344, 350 (W.D.N.Y. 2007) ...............................12

*Sipas v. Sammy's Fishbox, Inc.*, No, 05 Civ. 10319, 20416 U.S. Dist. LEXIS 24318, at *8 (S.D.N.Y. Apr. 24, 2006) ........................................................................................................................................................10

*Toure v. Cent. Parking Sys. Of N.Y.*, No. 05 Civ. 5237, 2007 U.S. Dist. LEXIS 74056, at *8 (S.D.N.Y. Sept. 28. 2007) ............................................................................................................................................................7

*Young v. Cooper Cameron Corp.*. 229 F.R.D. 50, 54 (S.D.N.Y; 2005) ........................................................11

*Zhao v. Benihana, Inc.*, No. 01 Civ. 1297, 2001 U.S. Dist. LEXIS 10676, at *2 (S.D.N.Y. May 7, 2001) ...............10

**STATUTES**

29 U.S.C. § 216 ..................................................................................................................................................4

29 U.S.C. § 207(a)...............................................................................................................................................5

29 U.S.C. § 255 ..................................................................................................................................................7

## I.    PRELIMINARY STATEMENT

On December 23, 2009, Plaintiff Wei Chu Wang filed this lawsuit against Sing Tao Newspapers New York LTD. and Robin Mui (collectively "Defendants") seeking unpaid wages under the Fair Labor Standards Act ("FLSA") and New York law.  Plaintiff brought the FLSA claim on behalf of himself and all non-exempt persons employed by Defendants as an advertising salesperson ("Covered Employees") within the last three years ("FLSA").  The Complaint alleges that Defendants (1) failed to pay Covered Employees the proper minimum wage under the FLSA and New York Labor Law ("NYLL"); (2) failed to pay Covered Employees the proper overtime premium under the FLSA and New York Labor Law ("NYLL"); (3) failed to pay Covered Employees the spread of hours premium required by New York law on workdays lasting longer than ten (10) hours.

By this motion, Plaintiffs seek the following:

(1)    Conditional certification of the FLSA claim as a representative collective action pursuant to 29 U.S.C. § 2 16(b).[1]

(2)    Court-facilitated notice of this FLSA action to Covered Employees, including a consent form (or opt-in form) as authorized by the FLSA.

(3)    Approval of the proposed FLSA notice of this action and the consent form.

(4)    Production of names, last known mailing addresses, alternate addresses, telephone numbers, Social Security numbers, and dates of employment of all Covered Employees.

(5)    Posting of the Notice, along with consent forms, in a conspicuous location in principal place of business of Defendants, at 188 Lafayette Street, New York, NY 10013.

---

[1] Plaintiffs do not currently seek class certification of their state law claims under Fed. R. Civ. P. 23 ("Rule 23").

## II.    BACKGROUND

Defendants operate a Chinese language newspaper titled, "*Sing Tao Daily*."  This newspaper is published daily and owned by Sing Tao News Corporation Limited, a Hong Kong listed company, which also operates a Chinese language newspaper under the same title in Hong Kong and other cities throughout the world.  Defendants operate one of sixteen overseas editions of the *Sing Tao Daily,* and are based in New York City.  Along with *The World Journal*, a competing Chinese language newspaper, *Sing Tao Daily* is one of two largest Chinese language newspapers in circulation in the United States.

Most of the revenues generated by Sing Tao Daily is through advertising sales.  To generate sales, Defendants have a staff of advertising salespeople who solicit and work with clients to place advertisements in the newspaper.  Duties of advertising salespeople include soliciting sales, renewing sales contracts and reminding customers of delinquent payments.

Plaintiff worked as an advertising salesperson for Defendants within the last three years.  Plaintiff's compensation included a base salary of $1,000 per month, plus commission.  Plaintiff worked over 40 hours per week during his employment by Defendants.  Defendants claim in their Answer and Affirmative Defenses to Complaint that Plaintiff is an "exempt employee," without specifying which exemption of the overtime and minimum wage requirements of the FLSA and the New York Labor Law that they are relying upon.

Absent an exemption, the FLSA requires an employer to pay an employee for hours in excess of forty hours a week at "not less than one and one-half times the regular rate." 29 U.S.C. § 207(a)(1).  In the instant case, Plaintiff and all other similarly situated employees are owed (i) minimum wage on their base salary, (ii) their overtime pay, which is equal to 150% of their

"regular rate" times hours worked over 40, (iii) spread of hours under New York Labor Law, (iv) liquidated damages and (v)_attorneys fees and expenses.

## III.    ARGUMENT

To protect putative collective action members' tights and interests, and to promote judicial economy and effective case management, the Court should approve notice to be distributed to all Covered Employees.    Notice is appropriate at this early, pre-disclosure, pre-discovery stage of the case because the initial pleadings and preliminary evidence show that all Covered Employees are similarly situated. They all worked as advertising salespeople for Defendants, their base salary were less than the federal minimum wage, and they were not paid their overtime premium. Thus, they "together were victims of a common policy or plan that violated the law," *Cuzco v. Orion Builders, Inc.,* 477 F. Supp. 2d 628, 633 (S.D.N.Y. 2007) (internal quotation omitted).

### A.    EARLY NOTICE TO 'SIMILARLY SITUATED' EMPLOYEES IS APPROPRIATE AND NECESSARY

The FLSA contemplates the maintenance of collective actions by similarly situated employees for an employer's violation of the provisions requiring payment of the minimum wage. 29 U.S.C. § 216(b).   Such collective actions are favored under the law because they benefit the judicial system by enabling the "efficient resolution in one proceeding of common issues of law and fact" and provide employees with the opportunity to "lower individual costs to vindicate rights by the pooling of resources." *Hoffinann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989); *Braunstein v E. Photographic Labs.*, 600 F.2d 335, 336 (2d Cir. 1975); *Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317, 323 (S.D.N.Y. 2007).   The alternative, a multitude of virtually identical individual suits, would burden courts unnecessarily and risk inconsistent judgments on Sims arising from the same events and brought under the same laws.

### i. Sending Expedited Notice to "Similarly Situated" Employees Fulfills the FLSA's Broad Remedial Purposes

Expedited notice is critical in FLSA actions.  Unlike absent class members in a Rule 23 class action, potential class members in an FLSA collective action must affirmatively consent (or "opt in") to be covered by the suit. 29 U.S.C. § 216(b).  The statute of limitations continues to run on each individual's claim until he or she files a written consent form with the Court. 29 U.S.C. §§ 255, 256(b).  To insure that the rights protected by the FLSA do not grow stale through lack of knowledge, the Supreme Court has held that courts have broad authority to facilitate early notice of the existence of the lawsuit to potential opt in plaintiffs.  *Hoffinann-La Roche*, 493 U.S. at 170.  Notice to putative class members should be given as soon as possible since, because of the statute of limitations, "potential plaintiffs may be eliminated as each day goes by."  *Foster v. Food Emporium*, No. 99 Civ, 3860, 2000 U.S. Dist. LEXIS 6053, at *5 (S.D.N.Y. Apr. 26, 2000); *see also Cook v. United States*, 109 F.R.D. 81, 83 (F.D.N.Y. 1995) ("Certainly, it is unlikely that Congress, having created a procedure for representative action, would have wanted to prevent the class representative from notifying other members of the class that they had a champion.") (internal quotation marks and citation omitted).  Thus early distribution of a notice of pendency is crucial in an FLSA collective action.

The Court need not and should not delay the sending of notice until the completion of discovery. *Toure v. Cent. Parking Sys. Of N.Y.*, No. 05 Civ. 5237, 2007 U.S. Dist. LEXIS 74056, at *8 (S.D.N.Y. Sept. 28. 2007) (ordering notice under 29 U.S.C. § 216(b) where only limited discovery had taken place); *Iglesias-Mendoza v. l.a Belle Farm, Inc.*, 239 F.R.D. 363, 368 (S.D.N.Y. 2007)  ("The court is not obliged to wait for the conclusion of discovery before it certifies the collective action and authorizes notice."); *Patton v. Thomson Corp.*, 264 F. Supp. 2d 263, 267-68 (E.D.N.Y. 2005) (ordering notice before full discovery in order to "facilitate[] the

[FLSA]'s broad remedial purpose. . . promot[e] efficient case management . . [and] preserve and effectuate the rights of potential plaintiffs whose claims might otherwise become time-barred during the discovery phase of the case") (internal citations omitted); *Hoffinann v. Sharro, Inc.*, 982 F. Supp. 249, 262 (S.D.N.Y. 1997) (ruling that the Court need not "wait for defendant to complete its discovery before authorizing class notice.  To the contrary, courts have endorsed the sending of notice early in the proceeding, as a means of facilitating the FLSA's broad remedial purpose and promoting efficient case management").  In lieu of discovery, courts rely upon allegations in a complaint and employee declarations to determine whether plaintiffs and potential opt in collective members are similarly situated. *E.g., Gjurovich v. Emmanuel's Marketplace* 282 F. Supp. 2d 91, 104 (S.D.N.Y. 2003).

B.    **THE COURT SHOULD CERTIFY THE COLLECTIVE ACTION AND ORDER NOTICE**

i.     **The Standard for Conditional Certification and Notice Is Lenient**

"Courts generally determine the appropriateness of class certification at two stages:  first, on the initial motion for conditional class certification, and second, after discovery."*Fasanelli*, 516 F. Supp. 2d at 321.  At the first stage, "courts utilize a lenient evidentiary standard in assessing whether the Plaintiff has presented sufficient evidence to demonstrate that a prospective class of member plaintiffs is similarly situated to the named Plaintiff." *Anglada v. Linens n' Things, Inc.*, No. 06 Civ 12901, 2007 U.S. Dist. LEXIS 39105, at *11 (S.D.N.Y. Apr. 26, 2007) *Mentor v. Imperial Parking Sys., Inc.*, 246 F.R.D. 178, 181 (S.D.N.Y. 2007).  Under this lenient standard, a court will certify a class as a collective action and order notice to potential class members where "the plaintiff satisfies the minimal burden of showing that the similarly situated requirement is met" based on the pleadings and declarations. *Iglesias-Mendoza*, 239

F.R.D. at 367 (internal quotation omitted).  Upon certification, "[p]otential class members are then notified and provided with the opportunity to opt in to the action." *Id.*

To prevail on a motion for conditional certification, Plaintiffs need only make a "modest factual showing" that they "are similarly situated *with respect to their allegations that the law has been violated." Hallissey v. Amer. Online, Inc.*, No. 99 Civ. 3785, 2008 U.S. Dist. LEXIS 18387, at *6 (S.D.N.Y. Feb. 19, 2008) (internal quotation omitted) (emphasis in original). Plaintiff must demonstrate that there is a "factual nexus between the [named plaintiff's] situation and the situation of other current and former [employees]." *Toure*, 2007 U.S. Dist. LEXIS 74056, at *6 (internal quotation omitted, alterations in original); *see also Mentor*, 246 F.R.D. at 181; *Fasanelli*, 516 F. Supp. 2d at 321.  Plaintiffs meet their burden where putative collective members "together were victims of a common policy or plan that violated the law[.]" *Lee v. ABC Carper & Home*, 236 F.R.D. 193, 197 (S.D.N.Y. 2006) (internal quotation omitted), such as when they are all "employees of the same restaurant enterprise and allege the same types of FLSA violations."  *Fasanelli,* 516 F. Supp. 2d at 322; *see also Toure*, 2007 U.S. Dist., LEXIS 74056, at *6 (stating that a plaintiff need only make a "modest factual showing" of similarity to satisfy the "relatively lenient evidentiary standard"); Cuzco, 477 F. Supp. 241 at 632-33 (plaintiff satisfied "minimal burden" by making "modest factual showing"'); *Iglesias-Mendoza*, 239 F.R.D. at 367-68 ("[Plaintiffs can satisfy the 'similarly situated' requirement by making 'a modest factual showing . . . that they and potential plaintiffs together were victims of a common policy or plan that violated the law.'") (quoting *Realite v. Ark Rests. Corp.*, 7 F. Supp. 2d 303, 306 (S.D.N:Y. 1998)); *Mazur v. Olek Lejbzon & Co.*, No. 05 Civ. 2194, 2005 U.S. Dist. LEXIS 30321, at *15 (S.D.N.Y. Nov. 30, 2005) (plaintiffs "lace only a very limited burden); *Hoffinann*, 982 F. Supp.

at 261 ("The burden on plaintiffs is not a stringent one, and the Court need only reach a preliminary determination that potential plaintiffs are "similarly situated.").

Allegations in the pleadings and a few declarations are sufficient to make this modest factual showing. *See, e.g., Khalil v. Original Homestead Rest., Inc.*, No. 07 Civ. 695, 2007 U.S. Dist. LEXIS 70372, at *3 (S.D.N.Y. Aug. 9, 2007) (certifying collective action based upon complaint and one affidavit); *Sipas v. Sammy's Fishbox, Inc.*, No, 05 Civ. 10319, 20416 U.S. Dist. LEXIS 24318, at *8 (S.D.N.Y. Apr. 24, 2006) (certifying collective action based upon complaint and three affidavits); *Mazur*, 2005 U.S. Dist. LEXIS 30321, at *17-18 (finding three affidavits sufficient to order notice to employees in seven classifications who worked for four different corporations); *Zhao v. Benihana, Inc.*, No. 01 Civ. 1297, 2001 U.S. Dist. LEXIS 10676, at *2 (S.D.N.Y. May 7, 2001) (certifying based upon one affidavit founded on plaintiff's "best knowledge").

Unlike a Rule 23 class action, a § 216(b) collective action requires no "showing of numerosity, typicality, commonality and representativeness . . . as a pre-requisite to approval." *Mazur*, 2005 U.S. Dist. LEXIS 30321, at *12 (internal quotation omitted); *see also Masson v. Ecolab, Inc.,* No. 04 Civ. 4488 2005 U.S. Dist. LEXIS 18022, at *37 (S.D.N.Y. Aug. 17, 2005). The lenient standard for certification and notice under § 216(b) is justified because "[t]he ultimate determination regarding the merits of the case, and whether the class is properly situated — which requires a more 'stringent' inquiry — is made later in the litigation process, after more thorough discovery." *Gjurovich*, 282 F. Supp. 2d at 105; *see also Dumitrescu v. Mr. Chow Enters., Ltd.*, No. 07 Civ. 3601, 2008 U.S. Dist. LEXIS 49881, at *11 (S.D.N.Y. June 30, 2008) (noting that after discovery a court "review[s] the collective action certification more

rigorously").   Plaintiffs in this case have easily met the lenient standard for certification and

notice at this early, pre-discovery stage.

> ii.      **The Underlying Merits of the Case are Immaterial to the Determination of Conditional Certification and Notice**

Although Plaintiffs are confident that they will successfully establish that Defendants

failed to properly compensate the Covered Employees under the FLSA, a discussion of the

underlying merits is unnecessary and inappropriate at this time: "[T]he standard in this circuit is

clear; the merits of plaintiffs' claim are not at issue in a motion for conditional certification."

*Laroque v. Domino's Pizza, LLC,* 557 F. Supp. 2d 346, 354 (F.D.N.Y. 2008); *see also, e.g.,*

*Mentor*, 246 F.R.D. at 181 (stating that "the merits of a plaintiffs claims need not be evaluated

and discovery need not be completed to approve and disseminate a § 216(b) notice"); *Fasanelli*,

516 F. Supp. 2d at 322 ("To the extent' that Defendants['] opposition relies on a detailed factual

dispute about whether the Defendants maintained an "illega1 off-the clock" policy, "illegal tip

retention" policy, or fail to pay the minimum wage, that inquiry is misplaced as those issues go

to the merits of' the case."); *Toure*, 2007 U.S. Dist. LEXIS 74056, at *6 (stating that at the

conditional certification stage "the merits of a plaintiff's claims need not be evaluated") *Lynch v.*

*United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y, 2007) ("At this procedural stage,

the court does not resolve factual disputes, decide substantive issues going to the ultimate merits,

or make credibility determinations."); *Young v. Cooper Cameron Corp..* 229 F.R.D. 50, 54

(S.D.N.Y; 2005) (finding that "[t]he focus . . . is not on whether there has been an actual

violation of law but rather on whether the proposed plaintiffs are "similarly situated"");

*Hoffmann*, 982 F, Supp. at 262 ("[T]he Court need not evaluate the merits of plaintiffs' claims in

order to determine that, a definable group of 'similarly situated' plaintiffs can exist here.").   Any

merits-based argument "is an improper ground on which to base a denial of a motion to certify

conditionally an FLSA collective action[.]"  *Anglada*, 2007 U.S. Dial. LEXIS 39105, at *20.

Rather, the proper inquiry is merely "whether the putative class alleged by Plaintiffs is similarly

situated based on the pleadings and any affidavits," *Fasaneili*, 516 F. Supp. 2d at 321.

### iii.  Plaintiffs Have Made the Modest Factual Showing Required for Conditional Certification

Here, Plaintiffs have made far more than a modest factual showing that they and Covered

Employees are similarly situated. Plaintiff's detailed allegations in the Complaint and

declarations show that all Covered Employees were subject to the same compensation scheme.

If proven, these allegations establish that Defendants maintain illegal policies and practices that

similarly affect all advertising salespeople employed by Defendants.

### C.  DISCOVERY OF NAMES, ADDRESSES, TELEPHONE NUMBERS, AND SOCIAL SECURITY NUMBERS IS PROPER AND NECESSARY UNDER § 216(b)

It is appropriate for courts in collective actions to order the discovery of names and

contact information of potential collective members. *E.g., Lee*, 236 F.R.D., at 202; *Fasanelli*,

516 F. Supp. 2d at 323-24; *Cuzco*, 477 F Supp. 2d at 637; *Sherrill v. Sutherland Global Servs.,

Inc.*, 487 F. Supp. 2d 344, 350 (W.D.N.Y. 2007); *Patton*, 364 F. Supp. 2d at 268.  "Courts within

this Circuit routinely grant plaintiffs' motion to compel production of the names and addresses of

potentially similarly situated employees who may wish to 'opt-in' to a collective action."

*Anglada*, 2007 U.S. Dist. LEXIS 39105, at *22.

Plaintiff therefore requests that, in addition to entering an order granting conditional

certification and approving Plaintiff's proposed notice, the Court order Defendants to produce

within ten days of its Order a computer-readable list of all advertising salespeople who were

employed by Defendants at any point in the three years prior to the entry of the Order with the

following information: name, last known mailing address, alternate address (if any), all known telephone numbers, Social Security number, and dates of employment.

Plaintiff seeks the Social Security numbers of Covered Employees that that Plaintiff's counsel can perform a skip trace for all notices returned as undeliverable because of a change of address. Based on Plaintiff's counsel's belief, a large percentage of consent forms are typically returned as undeliverable,, and the only way to locate these employees is to perform a search by Social Security number. Plaintiffs are willing to execute a stipulation of confidentiality regarding the numbers. *See Patton*, 364 F. Supp. 2d at 268 (requiring defendant to produce Social Security numbers of putative collective members subject to entry of a confidentiality agreement).

**D.      THE PROPOSED NOTICE 15 FAIR AND ADEQUATE**

Attached as Exhibit 1 to the Declaration of C.K. Lee is Plaintiff's proposed judicial notice. The proposed notice provides clear instructions on how to opt in and accurately states the prohibition against retaliation or discrimination for participation in an FLSA action. The Supreme Court specifically left the "content details of a proposed notice under § 216(b) . . . to the broad discretion of the that court" *Lee v. ABC Carpet & Homes*, No. 00 Civ. 0984, 2008 U.S. Dist. LEXIS 38725, at *3-4 (May 9,2008); *see also Gjurovich*, 282 F. Supp. 2d at 106. "When exercising its broad discretion to craft appropriate notices in individual cases, District Courts consider the overarching policies of the collective suit provisions" and ensure that putative plaintiffs receive "accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Fasanelli*, 516 F. Supp. 2d at 323. The proposed notice achieves the goal. of providing potential opt ins with accurate and timely notice concerning the pendency of the collective action and should he adopted.

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully request that the Court conditionally certify his FLSA claim as a collective action, approve notice to be sent to all Covered Employees, and order Defendants to produce the names, addresses, telephone numbers, and Social Security numbers of all Covered Employees.


Dated:  March 8, 2010
        New York, New York

                                    By:/s/ C.K. Lee                                    

                                        C. K. Lee, Esq.
                                        Kraselnik & Lee, PLLC
                                        Empire State Building
                                        350 Fifth Avenue, Suite 1729
                                        New York, NY 10118
                                        212-465-1188
                                        212-465-1181 (fax)

                                        *Attorneys for Plaintiff, proposed collective
                                        action members and proposed class*