UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------- x

WEI CHU WANG
on behalf of himself
and others similarly situated,                          ECF Case

                                              Plaintiff,     09-CV-10454 (AKH) (RLE)

         -against-

SING TAO NEWSPAPERS NEW YORK LTD.
and ROBIN MUI,

                                              Defendants.

----------------------------------------------------------------------- x


**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S
MOTION FOR CONDITIONAL COLLECTIVE CERTIFICATION AND FOR COURT
<u>FACILITATION OF NOTICE PURSUANT TO 29 U.S.C. § 216(b)</u>**


Dated: New York, New York
       March 22, 2010


Of Counsel:

    Anthony J. Rao
    Christina J. Fletcher


**RAO TILIAKOS LLP**
90 PARK AVENUE, 18TH FLOOR
NEW YORK, NEW YORK 10016
(212) 455-9255

*Attorneys for Defendants*
*Sing Tao Newspapers New York Ltd. and Robin Mui*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........................................................................................................ii

I.      PRELIMINARY STATEMENT ................................................................................... 1

II.     STATEMENT OF FACTS .......................................................................................... 2

   A.   Sing Tao Newspapers New York Ltd ....................................................................... 2

   B.   Advertising Salespersons at Sing Tao ...................................................................... 2

   C.   Plaintiff's Employment at Sing Tao ......................................................................... 4

   D.   Procedural History .................................................................................................. 4

III.    LEGAL ARGUMENT ................................................................................................ 4

   A.   Plaintiff Has Failed to Meet the Standard for Conditional Certification .................... 4

   B.   Plaintiff Has Provided No Support for Collective Treatment of a Minimum Wage Violation ....... 7

   C.   The Meager Allegations Contained in Plaintiff's Conclusory & Self-Serving Declaration Are Insufficient to Establish that Plaintiff is Similarly Situated to the Employees He Seeks to Represent for Overtime Violations ........................................................................... 8

   D.   Plaintiff Has Not Demonstrated the Existence of an "Unlawful" Common Policy or Plan .......... 10

   E.   Plaintiff Ignores All of the Ways in Which He is Not Similarly Situated to Other Advertising Salespeople ............................................................................................................ 12

   F.   Plaintiff's Claims Require Highly Individualized Inquiries That Are Not Capable of Determination on a Collective Basis At This Early Stage ............................................. 14

   G.   Certification Is Inappropriate Because Plaintiff Has Not Established That Anyone Else Wants to Join This Litigation ................................................................................................ 15

   H.   Even if a Collective Action is Conditionally Certified, Plaintiff's Proposed Notice Must be Rejected ................................................................................................................. 16

      1.   The Court Should Order the Parties to Meet & Confer to Mutually Agree Upon the Notice & Consent to be Disseminated ............................................................... 16

      2.   Plaintiff's Proposed Notice Must be Modified to Be Neutral & Accurate ................ 16

   I.   Posting on Defendant's Premises is Not Warranted .................................................. 22

   J.   The Information Sought by Plaintiff is Inappropriate ................................................ 23

   K.   CONCLUSION ...................................................................................................... 24

# TABLE OF AUTHORITIES

Pages

## CASES

*Adair v. Wisconsin Bell, Inc.*, No. 08-C-280,
    2008 WL 4224360 (E.D. Wis. Sep. 11, 2008) .........................................................................11

*Amendola v. Bristol-Myers Squibb Co.*,
    558 F.Supp.2d 459 (S.D.N.Y.2008) .................................................................................5, 21

*Anglada v. Linens 'N Things, Inc.*, No. 06 Civ. 12091 (CM)(LMS),
    2007 WL 155251 (S.D.N.Y. May 29, 2007) .........................................................................19

*Armstrong v. Weichart Realtors*, No. 05-3120 (JAG),
    2006 WL 1455781 (D.N.J. May 19, 2006) .............................................................8, 9, 10, 12

*Bah v. Shoe Mania, Inc.*, No. 08 Civ. 9380,
    2009 WL 1357223 (S.D.N.Y. May 13, 2009) .......................................................................20

*Barnett v. Countrywide Credit Indus., Inc.*,
    No. CIV.A.3:01-CV-1182-M, 2002 WL 1023161 (N.D. Tex. May 21, 2002) .......................22

*Basco v. Wal-Mart Stores, Inc.*,
    No. Civ.A. 00-3184, 2004 WL 1497709 (E.D.La. July 2, 2004).............................................12

*Bishop v. AT & T Corp.*,
    256 F.R.D. 503 (W.D. Pa. 2009) .........................................................................................20

*Bowens v. Atl. Maint. Corp.*,
    546 F. Supp. 2d 55 (E.D.N.Y. 2008) ...................................................................................17

*Bowrin v. Catholic Guardian Society*,
    417 F.Supp. 2d 449 (S.D.N.Y. 2006).....................................................................................21

*Camper v. Home Quality Mgmt., Inc.*,
    200 F.R.D. 516 (D. Md. 2000)................................................................................................5

*Castro v. Spice Place, Inc.*, No. 07 Civ. 4657,
    2009 WL 229952 (S.D.N.Y. Jan. 30, 2009) ...........................................................................4

*Chowdhury v. Duane Reade, Inc.*, No. 06 Civ. 2295(GEL),
    2007 WL 2873929 (S.D.N.Y. Oct. 2, 2007)....................................................................17, 24

*Clausman v. Nortel Networks, Inc.*, IP 02-0400-C-M/S,
    2003 WL 21314065 (S.D. Ind. May 1, 2003).........................................................................6

*Colozzi v. St Joseph's Hosp. Health Ctr.*,
    595 F. Supp. 2d 200 (N.D.N.Y. 2009) .............................................................................15, 23

*Cuzco v. Orion Builders, Inc.*,
    477 F.Supp.2d 628 (S.D.N.Y. 2007)........................................................................9

*D'Anna v. M/A-COM, Inc.*,
    903 F. Supp. 889 (D. Md. 1995)....................................................................6, 10

*Damassia v. Duane Reade, Inc.*, No. 04 Civ. 8819(GEL),
    2006 WL 2853971 (S.D.N.Y. Oct. 5, 2006 ...............................................23

*Davis v. Abercrombie & Fitch Co.*, No. 08 Civ. 1859(PKC),
    2008 WL 4702840 (S.D.N.Y. Oct. 23, 2008) ...........................................16

*Davis v. Charoen Pokphand Inc.*,
    303 F. Supp. 2d 1272 (M.D. Ala. 2004) ...................................................15

*Dean v. Priceline.com, Inc.*, No. 3:00CV1273 (DJS),
    2001 WL 35961086 (D. Conn. June 6, 2001)......................................6, 14

*Diaz v. Elect. Boutique of Am., Inc.*, No. 04-CV-0840E(SR),
    2005 WL 2654270 (W.D.N.Y. Oct. 17, 2005) ...........................................5

*Edwards v. City of Long Beach*,
    467 F. Supp. 2d 986 (CD. Cal. 2006) .......................................................17

*Fengler v. Crouse Health Found., Inc.*,
    595 F. Supp. 2d 189 (N.D.N.Y. 2009).......................................................15

*Flores v. Osaka Health Spa., Inc.*, No. 05 Civ. 962VMKNF,
    2006 WL 695675 (S.D.N.Y. Mar. 16, 2006) ...........................................11

*Frederick v. Dreiser Loop Supermarket Corp.*, No. 06 Civ. 15341(AKH),
    2008 WL 4724721 (N.D.N.Y. Oct. 24, 2008) ..........................................16

*Garcia v. Salamanca Group, Ltd.*, No. 07 C 4665,
    2008 WL 818532 (N.D. Ill March 24, 2008).............................................21

*Gayle v. U.S.*,
    85 Fed.Cl. 72 (2008) ..........................................................................17, 18

*Gjurovich v. Emmanuel's Marketplace, Inc.*,
    282 F. Supp.2d 91 (S.D.N.Y 2003)................................................18, 19, 21

*Guzman v. VLM, Inc.*, No. 07-CV-1126 (JG)(RER),
    2007 WL 2994278 (E.D.N.Y. Oct. 11, 2007)......................................18, 19

*H&R Block, Ltd. v. Housden*,
    186 F.R.D. 399 (E.D.Tex. 1999)................................................................9

*Hallissey v. America Online, Inc.*, No. 99-CIV-3785 (KTD),
    2008 WL 465112 (S.D.N.Y. Feb. 19, 2008)........................................17, 20

*Hamelin v. Faxton-St. Luke's HealthCare*, No. 6:08-CV-1219,
   2009 WL 211512 (N.D.N.Y. Jan. 26, 2009)..........................................................15

*Harrison v. McDonald's Corp.*,
   411 F.Supp.2d 862 (S.D. Ohio 2005) ..................................................................10

*Hoffmann v. Sbarro, Inc.*,
   982 F. Supp. 249 (S.D.N.Y. 1997)....................................................................5, 10

*Hoffmann-La Roche Inc. v. Sperling*,
   493 U.S. 165, 170 (1989)........................................................................................4

*Holt v. Rite Aid Corp.*,
   333 F.Supp.2d 1265, 1269 (M.D. Ala. 2004) .....................................................4, 6

*Horne v. United Servs. Auto. Ass'n*,
   279 F.Supp.2d 1231 (M.D.Ala. 2003) ...............................................................9, 15

*Iriarte v. Redwood Deli & Catering, Inc.*, No. CV-07-5062 (FB)(SMG),
   2008 WL 2622929 (E.D.N.Y. June 30, 2008) .......................................................18

*Jacobsen v. Stop & Shop Supermarket Co.*, No. 02 Civ. 5915(DLC),
   2004 WL 1918795 (S.D.N.Y. Aug. 27, 2004)........................................................22

*King v. West Corp.*, No. 8:04CV318,
   2006 WL 11857 (D. Neb. Jan. 13, 2006) ..............................................................15

*Krueger v. New York Telephone Co.*,
   Nos. 93 CIV. 0178 (LMM), 93 CIV. 0179 (LMM),
   1993 WL 276058 (S.D.N.Y. Jul. 21, 1993) ...........................................................24

*Kuznyetsov v. W. Penn Allegheny Health Sys., Inc.*,
   Civ. A. No. 09-CV-379, 2009 WL 1515175 (W.D. Pa. June 1, 2009)...................22

*Levinson v. Primedia, Inc.*, No. 02 Civ.2222 (CBM),
   2003 WL 22533428 (S.D.N.Y. Nov. 6, 2003) .........................................................6

*Mackenzie v. Kindred Hosps. E., L.L.C.*,
   276 F. Supp. 2d 1211 (M.D. Fla. 2003)..................................................................15

*Masson v. Ecolab, Inc.*, No. 04 Civ. 4488(MBM),
   2005 WL 2000133 (S.D.N.Y. Aug. 17, 2005)........................................................17

*Mazur v. Olek Lejbzon & Co.*, No. 05 Civ. 2194(RMB)DF,
   2005 WL 3240472 (S.D.N.Y. Nov. 30, 2005).........................................................21

*McElmurry v. U.S. Bank Nat'l Ass'n*, No. CV-04-642-HU,
   2005 WL 2078302 (D. Or. July 29, 2005)...............................................................9

*Mendoza v. Casa de Cambio Delgado, Inc*., No. 07CV2579(HB),
   2008 WL 938584 (S.D.N.Y. Apr. 7, 2008)........................................................5, 16

*Mike v. Safeco Ins. Co*.,
   274 F. Supp. 2d 216 (D. Conn 2003) ...............................................................6

*Morales v. Plantworks, Inc.,* No. 05 Civ. 2349 (DC),
   2006 WL 278154 (S.D.N.Y. Feb. 2, 2006)...............................................4, 5, 10

*Mowdy v. Beneto Bulk Transp*., No. C 06-05682 MHP,
   2008 WL 901546 (N.D. Cal. Mar. 31, 2008)..................................................22

*Naton v. Bank of California*,
   649 F.2d 691 (9th Cir. 1981) ........................................................................21

*O'Donnell v. Robert Half Int'l, Inc.*,
   534 F. Supp. 2d 173 (D. Ma. 2008) ..............................................................15

*Parker v. Rowland Exp., Inc*.,
   492 F. Supp. 2d 1159 (D. Minn. 2007) .........................................................15

*Reab v. Elec. Arts, Inc.*,
   214 F.R.D. 623(D. Colo. 2002) .....................................................................20

*Realite v. Ark Rests. Corp*.,
   7 F. Supp. 2d 303 (S.D.N.Y. 1998).................................................................5

*Rodgers v. CVS Pharmacy, Inc*., No. 8:05-CV770T-27MSS,
   2006 WL 752831 (M.D. Fla. Mar. 23, 2006) ................................................16

*Roebuck v. Hudson Valley Farms, Inc*.,
   239 F. Supp.2d 234 (N.D.N.Y. 2002)............................................................19

*Russell v. Wells Fargo & Co*., No. C 07-3993,
   2008 WL 4104212 (N.D. Cal. Sep. 3, 2008) .................................................22

*Scholtisek v. Eldre Corp.*,
   229 F.R.D. 381 (W.D.N.Y. 2005)..............................................................5, 11

*Schwed v. Gen. Elec.*,
   159 F.R.D. 373 (N.D.N.Y. 1995)..................................................................18

*Sepulveda v. Wal-Mart Stores, Inc.*,
   237 F.R.D. 229 (C.D. Cal. 2006) ..................................................................13

*Sharer v. Tandberg, Inc*., No. 1:06cv626,
   2006 WL 2988104 (E.D. Va. Oct. 17, 2006)..................................................22

*Simmons v. T-Mobile USA, Inc*., Civ. A. No. H-06-1820,
   2007 WL 210008 (S.D. Tex. Jan. 24, 2007)..................................................16

*Smith v. Sovereign Bancorp, Inc,* No. Civ.A. 03-2420,
2003 WL 22701017 (E.D. Pa. Nov. 13, 2003) ....................................................6, 11

*Sobczak v. AWL Indus., Inc*.,
540 F. Supp.2d 354 (E.D.N.Y. 2007) ........................................................................22

*Suarez v. S&A Painting & Renovation Corp.*, No. 08-CV-2984 (CPS)(JO),
2008 WL 5054201 (E.D.N.Y. Nov. 21, 2008)...........................................................16

*Summa v. Hofstra Univ.*, No. CV 07-3307(DRH)(ARL),
2008 WL 3852160 (E.D.N.Y. Aug. 14, 2008)............................................................24

*Toure v. Cent. Parking Sys. of N.Y.*, No. 05 Civ. 5237,
2007 WL 2872455 (S.D.N.Y. Sept. 28, 2007)............................................................7

*Trinh v. JPMorgan Chase & Co.*,
No. 07-CV-1666 W(WMC), 2008 WL 1860161 (S.D. Cal. Apr. 22, 2008) ...........14

*Young v. Cooper Cameron Corp.*,
229 F.R.D. 50 (S.D.N.Y. 2005) ................................................................................5

## RULES

18 U.S.C. §§ 2721-2725 .........................................................................................24

Fed.R.Civ.P. 54(d) .................................................................................................20

29 C.F.R. § 541.200 *et seq.*.......................................................................................14

29 C.F.R. § 541.500 *et seq.*.......................................................................................14

29 C.F.R. § 541.601 ..................................................................................................14

29 C.F.R. § 541.708 ..................................................................................................14

29 U.S.C. § 216(b) ..........................................................................................2, 4, 10

NY GBL § 399-h(2)(a) (2009)..................................................................................24

NY Lab. Law § 203(d) (2009) .................................................................................24

## OTHER

DOL Opinion Letter, FLSA 2006-31, Sept. 8, 2006 ................................................14

I.      **PRELIMINARY STATEMENT**

Plaintiff, Wei Chu Wang ("Wang") seeks to certify a collective class of former and current advertising salespeople employed by Sing Two Newspapers New York Ltd. Plaintiff presumes automatic issuance of notice to potential class members based on the assumption that a "lenient standard" for conditional certification under the Fair Labor Standards Act ("FLSA") means no standard at all. This faulty assumption is evidenced by Plaintiff's reliance solely upon his own self-serving, conclusory five paragraph, six sentence declaration. This declaration fails to provide even a shred of evidence in support of conditional certification. Most glaringly, Plaintiff provides no support for collective treatment of his minimum wage claim (although his notice and moving papers assert such treatment is necessary). Plaintiff does not make even a minimal factual showing that he is similarly situated to those he seeks to represent beyond one conclusory statement in his own declaration. Plaintiff fails to identify any policy or practice of Defendants which "deprive" advertising salespeople of minimum wage or overtime. Nor does Plaintiff provide even his own belief that other advertising salespersons desire to opt-in to this action.

There are numerous individualized inquiries regarding each advertising salesperson employed by Defendants that will be required in order to determine whether Plaintiff is similarly situated to anyone at this early stage. Salespeople work out of three locations (Flushing, Brooklyn and Chinatown) and their hours and daily activities vary accordingly. Also, depending on the salesperson, he or she is exempt from overtime (and/or from minimum wage) under the outside sales exemption, administrative exemption, a combination exemption, highly compensated employee exemption, or 7(i) inside sales exemption. In order to establish whether Plaintiff is similarly situated, an individualized inquiry into the job activities of each advertising salesperson is required even at this early stage. The need for such extensive individualized inquiries is fatal to Plaintiff's early, pre-discovery request for conditional certification.

Finally, there are serious deficiencies in the notice proposed by Plaintiff that must be remedied should the Court decide conditional certification and notice is appropriate (it is not).

Defendants' proposed notice provides appropriate neutrality and accurate information and should be disseminated by mail (not posting), should this Court order notice be given to putative class members.   There is also no basis for Plaintiff's unreasonable request for inherently private information (e.g., social security numbers and telephone numbers) of putative class members. As such, if this case is conditionally certified, Defendants should only be required to disclose the names and last known addresses of putative class members.

For the reasons set forth more fully below, Plaintiff's motion for conditional certification pursuant to 29 U.S.C. § 216(b) should be denied.

## II.    STATEMENT OF FACTS

### A.    Sing Tao Newspapers New York Ltd

Sing Tao Newspapers New York Ltd. publishes Sing Tao Daily, East Week, Sing Tao Weekly, and U.S. City Post.[1]  (Ho Decl. ¶ 2).[2]  Sing Tao Daily Newspapers include the New York Tri-State Edition, Washington D.C. Edition, Philadelphia Edition, Boston Edition and Chicago Edition.  *Id.*  Sing Tao Daily, East Week, and Sing Tao Weekly are subscription publications and/or can be purchased by readers for a cost.  *Id.*  The U.S. City Post is a free weekly publication.  *Id.*  Sing Tao Daily is one of the most widely-read Chinese language dailies, with a daily circulation of 40,000 to 50,000 copies.[3]  *Id.*  Robin Mui, the named defendant in this case, is the Chief Executive Officer of Sing Tao. (Def. Ans. ¶ 7).

### B.    Advertising Salespersons at Sing Tao

Advertising salespeople sell advertisements for all of Sing Tao's publications.  (Siu Decl. ¶ 3).  Types of advertisements for sale include display ads, directory ads, classified ads,

---

[1]  Until January 2009, Sing Tao also published The New Continent. (Siu Decl. ¶ 3).
[2]  The Declaration of Rick Ho is cited herein as "Ho Decl."  The Declaration of Katherine Siu is cited herein as "Siu Decl."  The Declaration of Cheuk Fu is cited herein as "Fu Decl."  The Declaration of Anthony J. Rao, Esq., submitted in support of Defendants' opposition, is cited herein as "Rao Decl."  The Declaration of C.K. Lee, Esq., submitted in support of Plaintiff's moving papers, is cited herein as "Lee Decl."  The Declaration of Wei Chu Wang, submitted in support of Plaintiff's moving papers, is cited herein as "Pl. Decl."  Plaintiff's Memorandum of Law is cited herein as "Pl. Mem."
[3]  Defendants note that Plaintiff's Memorandum of Law contains numerous statements regarding Sing Tao, its operations, and its revenues that are unsupported by citation to any evidence whatsoever.  *See* Pl. Mem. 5.  These statements should be disregarded.

advertorials and pre-print inserts. *Id.* In addition, advertising salespeople solicit and recruit sponsorships for Sing Tao's numerous annual advertising and marketing events such as the International Kite Festival, Chinese New Year Celebration and Dragon Boat Festival. *Id.*

The job duties of an advertising salesperson include, among other things: (1) to solicit and maintain ad sales for the publications by planning and suggesting advertising strategies, campaigns, and budgets to existing and prospective clients; (2) to solicit and recruit sponsorships for the Company's advertising and marketing projects; (3) to act as a liaison between clients and the Company and to represent the Company in a professional manner; (4) to create sales letters, proposals and presentations to initiate ads and follow-up on sales calls; (5) to design ad layout, create copy, and present and gain approval for clients' ads; and (6) to collect advertising payments. *Id.* at ¶ 4. Advertising salespeople work out of three offices (Flushing, Brooklyn, and Chinatown) and their hours and daily activities vary accordingly. *Id.* at ¶ 8-9.

The primary duty of an advertising salesperson is to engage in face-to-face solicitation to develop and maintain ad sales for Sing Tao's publications and event sponsorships. *Id.* at ¶ 5. To maximize sales, advertising salespeople are expected to be out of the office calling on stores/businesses, marketing managers, advertising agencies and prospects for the majority of each workday, or expected to be out of the office in search of new clients to sell advertising space for one of Sing Tao's publications or event sponsorships. *Id.* In addition, advertising salespeople are expected to keep regular contact with their advertisers to maintain good business relationships and build their sales network. *Id.*

Advertising salespeople receive compensation in the form of a base salary, and commissions. (Fu Decl. ¶ 2; Siu Decl. ¶ 10). In addition, they may receive compensation in the form of bonuses, paid vacation, 401k employer match, and a medical allowance. (Fu Decl. ¶ 2). The compensation to be earned by an advertising salesperson from commissions is unlimited, and may reach as high as $200,000 in a given year. (Siu Decl. ¶ 10; Fu Decl. ¶ 7).

### C.      Plaintiff's Employment at Sing Tao

Plaintiff was employed as an advertising salesperson at Sing Tao (Pl. Decl. ¶ 1).  In 2006, the total compensation paid to Mr. Wang was $39,591.04.  (Fu Decl. ¶ 4).  In 2007, the total compensation paid to Mr. Wang was $42,765.86.  *Id.*  In 2008, the total compensation paid to Mr. Wang was $39,632.93 through August 2008 (Mr. Wang's employment was terminated in August 2008).[4]  *Id.*  Mr. Wang was terminated in August 2008 when he abandoned his job by not returning from vacation.  (Siu Decl. ¶ 13).

### D.      Procedural History

Plaintiff filed his Complaint in this action on December 23, 2009.  Mui was served on January 8, 2010.  Sing Tao was served on January 11, 2010.  Defendants answered on February 11, 2010.  On March 8, 2010, Plaintiff filed the instant Motion for Conditional Collective Certification and for Court Facilitation of Notice Pursuant to 29 U.S.C. §216(b).  There has been no discovery or disclosure whatsoever, not even the exchange of initial disclosures pursuant to Fed. R. Civ. Pro. 26(a), or the initial discovery conference required by Fed. R. Civ. Pro. 26(f).

## III.    LEGAL ARGUMENT

### A.      Plaintiff Has Failed to Meet the Standard for Conditional Certification

The FLSA provides a mechanism for a plaintiff to bring a collective action on behalf of himself and other employees who are similarly situated to him. 29 U.S.C. § 216(b). A court should permit a collective action to proceed only when it believes that there can be "efficient resolution in one proceeding of common issues of law and fact arising from the same alleged [illegal] activity." *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989);  *Holt v. Rite Aid Corp.*, 333 F.Supp.2d 1265, 1269 (M.D. Ala. 2004).

The courts in this Circuit frequently apply a two-step analysis to determine whether conditional collective action certification under the FLSA is appropriate.  *Castro v. Spice Place, Inc.*, No. 07 Civ. 4657, 2009 WL 229952, *2 (S.D.N.Y. Jan. 30, 2009); *Morales v. Plantworks,*

---

[4]    Thus, he was tracking at $59,448.00 in 2008.

4

*Inc.,* No. 05 Civ. 2349 (DC), 2006 WL 278154, at * 1 (S.D.N.Y. Feb. 2, 2006). First, the court examines the pleadings and affidavits to determine whether the plaintiff has satisfied his burden of demonstrating that he is "similarly situated" to members of the proposed collective action. *See Hoffmann v. Sbarro, Inc*., 982 F. Supp. 249, 261 (S.D.N.Y. 1997). If the plaintiff demonstrates that other putative opt-ins are similarly situated, then the court may conditionally certify the class and permit notice to be sent to putative opt-ins. However, if a plaintiff fails to satisfy this burden or if the defendant demonstrates "that the potential recipients of the notice are not similarly situated to the plaintiff" a court may deny conditional collective action certification and refuse to authorize notice. *Amendola v. Bristol-Myers Squibb Co*., 558 F.Supp.2d 459, 467 (S.D.N.Y.2008). In the second step of the analysis, the defendant employer may move after discovery to decertify the class if it still believes that the Plaintiff and the potential opt-in plaintiffs are not similarly situated. *Morales*, 2006 WL 278154, at *1.

Despite Plaintiff's assertion that at the conditional certification stage his burden is a "lenient" one, the law is clear that Plaintiff still bears the burden to make a "factual showing" that he and potential plaintiffs together were "victims of a common policy or plan that violated the law." *See Morales,* 2006 WL 278154, at *2 (conclusory allegations or lack of a nexus with the putative class will prevent the case from moving forward as a collective action) (citation omitted); *Young v. Cooper Cameron Corp*., 229 F.R.D. 50, 54 (S.D.N.Y. 2005); *Hoffmann*, 982 F. Supp. 249 (same); *Realite v. Ark Rests. Corp*., 7 F. Supp. 2d 303, 306 (S.D.N.Y. 1998) (collecting cases); *see also Mendoza v. Casa de Cambio Delgado, Inc*., No. 07CV2579 (HB), 2008 WL 938584, at *2 (S.D.N.Y. Apr. 7, 2008).

Where, as here, individualized factual determinations predominate, courts have routinely found class members are not "similarly situated". *See, e.g., Diaz v. Elect. Boutique of Am., Inc*., No. 04-CV-0840E (SR), 2005 WL 2654270, at *7 (W.D.N.Y. Oct. 17, 2005); *Scholtisek v. Eldre Corp.*, 229 F.R.D. 381, 389 (W.D.N.Y. 2005) (noting that "dissimilarities" among purported class members "will often be relevant to whether the employees are similarly situated for purposes of the FLSA, insofar as their job duties relate to whether they were correctly

classified as exempt from the FLSA's overtime requirements"); *Clausman v. Nortel Networks, Inc.*, IP 02-0400-C-M/S, 2003 WL 21314065, at *4 (S.D. Ind. May 1, 2003) (refusing to authorize notice due to the individual factual inquiries related to application of the outside sales exemption); *Dean v. Priceline.com, Inc.*, No. 3:00CV1273 (DJS), 2001 WL 35961086, at *2 (D. Conn. June 6, 2001) (denying plaintiff's motion to proceed collectively because the exempt or non-exempt status of any particular employee had to be determined on a case by case basis); *Mike v. Safeco Ins. Co.*, 274 F. Supp. 2d 216, 221-222 (D. Conn 2003) (same).

In terms of the "factual showing" required by Plaintiff, "mere allegations in [a] complaint are not sufficient." *Camper v. Home Quality Mgmt., Inc.*, 200 F.R.D. 516, 519 (D. Md. 2000) (citations omitted). A standard requiring no more than mere allegations would render conditional certification not only lenient, but "automatic." *See Smith v. Sovereign Bancorp, Inc,* No. Civ.A. 03-2420, 2003 WL 22701017, at *2 (E.D. Pa. Nov. 13, 2003). Similarly, allegations of a "companywide policy ... [without] a factual showing that extends beyond [the plaintiffs] own circumstances" are also insufficient to meet this burden. *Levinson v. Primedia, Inc.*, No. 02 Civ.2222 (CBM), 2003 WL 22533428, at *2 (S.D.N.Y. Nov. 6, 2003).

These preliminary inquiries are necessary because "courts, as well as practicing attorneys, have a responsibility to avoid the 'stirring up' of litigation through unwarranted solicitation." *Rite Aid*, 333 F. Supp. 2d at 1275 (citations omitted). Here, Plaintiff's request for certification premised entirely on the allegations in his Complaint and a five paragraph, six sentence conclusory and self-serving declaration by Plaintiff is the very type of fishing expedition courts have refused to permit. *D'Anna v. M/A-COM, Inc*., 903 F. Supp. 889, 894 (D. Md. 1995).[5] The "lenient" standard espoused by Plaintiff does not excuse negligible factual showings, reliance on a single, conclusory and self-serving declaration, or a failure to meet any of the requirements for conditional certification.

---

[5] Plaintiff argues that expedited notice is necessary. However, in the cases he cites for this proposition, the parties had engaged in at least limited discovery. *See* Pl. Mem. p. 7-8, *citing e.g., Toure v. Cent. Parking Sys. of N.Y.*, No. 05 Civ. 5237, 2007 U.S. Dist. LEXIS 74056 at *8 (2007 WL 2872455) (S.D.N.Y. Sept. 28, 2007)(ordering notice under 29 U.S.C. 216(b) where only limited discovery had taken place). Here, the parties have merely filed and

As will be demonstrated in the sections that follow, Plaintiff has wholly failed carry his burden on his motion for conditional certification.

**B.     Plaintiff Has Provided No Support for Collective Treatment of a Minimum Wage Violation**

Plaintiff's declaration alleges that "[d]uring my employment for Defendants, I was paid a base salary that was less than the federal minimum wage." (Pl. Decl. ¶ 2).[6]  On its face this allegation is specific to Plaintiff alone.  This is the only statement in Plaintiff's declaration regarding the federal minimum wage.  His declaration is entirely devoid of any support, or even mention, that other advertising salespeople were "paid a base salary that was less than the federal minimum wage," as he alleges he was.  *Id.*   Similarly, Plaintiff's Complaint contains no language supporting a *collective* minimum wage violation (*e.g.,* asserted on behalf of similarly situated employees).  *See* Compl. ¶¶ 2, 12, 20, 29, 30, 31, 34.

Plaintiff's declaration and Complaint do not provide any support for collective treatment of a minimum wage violation.  If his Complaint somehow can be read to allege such a claim, Plaintiff's declaration underscores Defendants' position that it is too early to consider conditionally certifying this claim.  Where, as here, Plaintiff alleges only that *he* suffered from a

---

served their initial pleadings.  There has been no disclosure whatsoever, not even the exchange of initial disclosures pursuant to Fed. R. Civ. Pro. 26(a), or the initial discovery conference required by Fed. R. Civ. Pro. 26(f).  There is no authority cited by Plaintiff that supports conditional certification at such a premature time based upon such meager "evidence".

[6]  As an initial matter, Plaintiff's Motion for Conditional Certification alleges that he is owed "minimum wage on [his] base salary."  Pl. Mem. p. 5.  It is unclear what this allegation means.  Plaintiff received a base salary, as well as commissions and other compensation (e.g., bonus, a medical allowance, paid vacation, 401k employer match, etc.).  (Fu Decl. ¶¶ 2-3).  The FLSA allows commissions payments to be credited towards the minimum wage.  *See* U.S. DOL Field Operations Handbook, Chapter 30, Section 30b, available at http://www.dol.gov/whd/FOH/index.htm.  In 2006, the total compensation paid to Mr. Wang was $39,591.04.  (Fu Decl. ¶ 4).  In 2007, the total compensation paid to Mr. Wang was $42,765.86.  *Id.*  For the 7 ½ months Plaintiff was employed in 2008, the total compensation paid to Mr. Wang was $39,632.93.  *Id.*  Compensation for advertising salespeople is as high as $200,000 or more per year, based upon base salary and commissions earned.  *Id.* at ¶ 7.  The fact that Plaintiff is attempting to certify a collective action alleging he and others in the class are entitled to "minimum wage on [his] base salary", when Plaintiff and other advertising salespeople were compensated well above the minimum wage, makes him not similarly situated to those he seeks to represent.  Plaintiff's belief that he is entitled to "minimum wage on [his] base salary" is not supported by the law or the realities of the compensation received by advertising salespeople, which is well above minimum wage.

minimum wage violation, collective treatment is inappropriate.  *See Armstrong v. Weichart Realtors,* No. 05-3120 (JAG), 2006 WL 1455781, at *2  (D.N.J. May 19, 2006) (denying collective treatment where "[a]t best, Armstrong's declaration provides a factual basis for inferring that one loan officer-Armstrong-in one office was required to work unpaid overtime. It does not provide a basis to infer that a class of similarly situated loan officers exists.")

> ### C.   The Meager Allegations Contained in Plaintiff's Conclusory & Self-Serving Declaration Are Insufficient to Establish that Plaintiff is Similarly Situated to the Employees He Seeks to Represent for Overtime Violations

Plaintiff has failed to establish the "factual showing" necessary to conditionally certify his overtime claim.  Plaintiff has presented only his own declaration, which contains nothing more than unsupported, conclusory allegations.  The totality of evidence Plaintiff offers that he is similarly situated to those he seeks to represent is that "[w]hile employed with the Defendant, I observed that other employees did work that was the same or similar to the work I did."  (Pl. Decl. 5).  Plaintiff does not identify by name or job title employees who allegedly performed work similar to him, nor does he describe how his work was similar to other employees' work. He does not state he worked in each location where advertising salespeople spend some of their workdays.  Indeed, he does not even provide one detail regarding what "work" he is talking about.

While the bar to achieve conditional certification is not high, more is required than Plaintiff's five paragraph, six sentence uncorroborated declaration.  Tellingly, Plaintiff's <u>own</u> Memorandum of Law states that "*a few* declarations are sufficient to make this modest factual showing" required for conditional certification.  Pl's Mem. p. 10 (emphasis added).  Plaintiff's Memorandum of Law similarly refers to "declarations" (plural) having been filed in support of his motion.  Pl's Mem. pp. 8, 12.   Thus, as Plaintiff himself recognizes, a single declaration such as the one filed by Plaintiff here (containing nothing by way of factual support to show he is similarly situated) is insufficient to achieve conditional certification.  *See e.g., Cuzco v. Orion Builders, Inc.*, 477 F.Supp.2d 628, 633 (S.D.N.Y. 2007) ("If this Court had nothing more to

consider than Plaintiff's Complaint and [her] declaration, those documents may not have
provided sufficient basis for this case to proceed as a representative action, even under the
lenient standards associated with first-stage certification certification" and stating that the Court
requires "more than the uncorroborated statements" from the plaintiff to grant conditional
certification); *Armstrong*, 2006 WL 1455781 (denying certification where the plaintiff offered
nothing more than his own unsupported declaration); *McElmurry v. U.S. Bank Nat'l Ass'n*, No.
CV-04-642-HU, 2005 WL 2078302, at *11 (D. Or. July 29, 2005) ("unsupported allegations of
widespread violations are insufficient" to satisfy the burden to certify a class); *Horne v. United
Servs. Auto. Ass'n*, 279 F.Supp.2d 1231, 1236-37 (M.D.Ala. 2003) (collective action denied
where plaintiff submitted only his own affidavit and merely stated that he believed other
similarly situated individuals existed); *H&R Block, Ltd. v. Housden*, 186 F.R.D. 399, 400
(E.D.Tex. 1999) (explaining that the court should consider "factors such as whether potential
plaintiffs were identified; whether affidavits of potential plaintiffs were submitted; and whether
evidence of a widespread discriminatory plan was submitted") (citations omitted).

Also, Plaintiff has identified no other person working at Sing Tao who allegedly was
"denied" overtime pay.  In this way, the instant action is similar to *Armstrong*, 2006 WL
1455781, where the Court denied a motion to certify a class.  Like the instant action,
"[c]onspicuously absent from [Armstrong's] declaration is any specific statement about even one
particular loan officer known to Armstrong as having been required to perform unpaid overtime
work." *Id.* at * 1.  The Armstrong Court further explained that it "cannot determine, from this
declaration, whether Armstrong actually knew other particular officers who were required to
perform unpaid overtime work, and what he knew specifically about their unpaid work." *Id*.; s*ee
also Harrison v. McDonald's Corp.*, 411 F.Supp.2d 862, 871 (S.D. Ohio 2005) (plaintiff failed to
show that other employees were similarly situated where she failed to identify other employees
who were not paid overtime and where she only offered her own speculation to support her claim
that other employees were not paid properly).

9

While Plaintiff's motion cites cases in which certification has been granted, he has not cited a single case where conditional certification was granted before initial disclosures and discovery based upon a single unsubstantiated conclusory allegation in a declaration devoid of similarly situated facts. Rule 216(b) does not require Defendants to expend the time, energy and resources to defend a collective action based upon the wholly inadequate and unsupported statements of Plaintiff alone containing no information on how or to whom he is similarly situated. *Armstrong*, 2006 WL 1455781, at *2 (denying a motion for conditional certification where plaintiff submitted a declaration without identifying anyone who worked unpaid overtime or providing support for conclusory allegations concerning a policy against paying overtime, and explaining that "[t]he risk of allowing conditional certification on such minimal evidence is that it can facilitate class action abuse."). Requiring a Plaintiff to make a modest factual showing that others have suffered the same injury works to prevent class action fishing expeditions. *D'Anna*, 903 F. Supp. at 894.[7] Here, Plaintiff has failed to make the requisite factual showing that he is similarly situated to those he seeks to represent and, as such, his motion for conditional certification should be denied.

**D.  Plaintiff Has Not Demonstrated the Existence of an "Unlawful" Common Policy or Plan**

Plaintiff fails to make the required "factual showing sufficient to demonstrate that [he and putative members of the collective action] together were victims of a common policy or plan that violated the law." *Hoffmann*, 982 F. Supp. at 261; *Morales*, 2006 WL 278154 at *2 (same); *Scholtisek v. Eldre Corp.*, 229 F.R.D. 381, 387 (W.D.N.Y. 2005). Plaintiff's conclusory declaration does not mention any policy or plan that denied him alleged minimum wages or overtime, let alone describe the existence of an unlawful common policy or plan that applied to all of Sing Tao's advertising salespeople working out of three different locations. As explained

---

[7]   At the very least, Plaintiff's motion is premature and should be denied until he such time as he has some factual evidence to offer regarding his claims.

above, Plaintiff's Complaint and declaration contain no support for collective treatment of his minimum wage claim, and most certainly do not establish any unlawful policy or plan pertaining to minimum wage.

Plaintiff's request for collective treatment of alleged overtime violations does not contain any evidence of an unlawful policy or plan. Plaintiff's declaration states: "I was not paid overtime at the rate of time-and-one-half for every hour I worked over forty hours in a workweek." Plaintiff attempts to create the required nexus by stating that "I [] observed that these employees also frequently worked over 40 hours per week and that they were not paid overtime wages at the rate of time-and-one half." (Pl. Decl. 5.) Plaintiff provides no foundation for his alleged knowledge. He does not explain how he "observed" and/or recorded that employees allegedly "were not paid overtime" in three different locations. This sort of statement, lacking all evidentiary foundation (and straining credulity) does not even come close to establishing that Plaintiff has personal knowledge as to whether other advertising salespeople were similarly situated to him with respect to the same unlawful policy or plan of allegedly being denied overtime. *See Adair v. Wisconsin Bell, Inc.*, No. 08-C-280, 2008 WL 4224360 at * 9 (E.D. Wis. Sep. 11, 2008) (holding that named plaintiff's "observations" that their co-workers were permitted to work overtime without pay was insufficient to establish a common policy or that co-workers were "similarly situated"); *Flores v. Osaka Health Spa., Inc.*, No. 05 Civ. 962VMKNF, 2006 WL 695675, at *3 (S.D.N.Y. Mar. 16, 2006) (declining to conditionally certify collective action and stating that the conclusory allegations set forth in the plaintiff's affidavit are "nothing of evidentiary value to support a finding that a factual nexus exists between the way the defendants allegedly compensated [the Plaintiff] and the way they may have compensated other employees during the relevant time period."); *Smith*, 2003 WL 22701017 at *3 (requiring "some 'modest' evidence, beyond pure speculation, that [the employer's] alleged policy affected other employees"); *Armstrong*, 2006 WL 1455781, at *2 ("Armstrong provides no factual foundation for his statement that Weichert Human Resources policies mandated that loan officers not be paid overtime. This appears to be a conclusory allegation; in the absence of

11

any supporting factual assertions, it does not allow this Court to infer the existence of a company policy that would be expected to result in a class of similarly situated loan officers."); *Basco v. Wal-Mart Stores, Inc.*, No. Civ.A. 00-3184, 2004 WL 1497709, at *7 (E.D.La. July 2, 2004) (denying certification where no uniform policy or practice existed to deprive employees of overtime pay).

Plaintiff does not identify any policy, plan, scheme or standard operating procedure that created a practice of alleged overtime violations.[8]  Plaintiff's lone conclusory allegation does not allow for an inference that there is a policy of not paying advertising salespeople for overtime in three different locations.  Having failed to meet his burden, Plaintiff's motion must be denied.

### E.   Plaintiff Ignores All of the Ways in Which He is Not Similarly Situated to Other Advertising Salespeople

Plaintiff ignores the many ways in which he is not similarly situated to those he seeks to represent.  Notably, where Plaintiff has brought this lawsuit alleging he was not paid the federal minimum wage (which was $5.15/hour for the majority of Plaintiff's employment),[9] other advertising salespeople make over $200,000 per year.  (Fu Aff. ¶ 7).  Plaintiff's very claim for federal minimum wage violations indicates that he is not similarly situated in terms of compensation to other advertising salespeople.[10]  In addition, the duties of an advertising salesperson differ according to a number of variables.  Advertising salespeople service different client bases, in different geographic areas, and have different ways of communicating with and managing their client relationships.   (Siu Decl. ¶¶ 4, 5, 7, 8, 9, 11).   The hours of work for advertising salespeople vary based upon their geographic location, which is based upon the location and needs of their clients.  *Id.* at ¶¶ 8-9.   These factors mean that one advertising

---

[8]   Moreover, there is no unlawful policy or practice of failing to pay overtime because advertising salespeople are exempt.  *See infra* Section F.
[9]   The federal minimum wage was $5.15/hour prior to July 24, 2007.  For work performed from July 24, 2007 to July 23, 2008, the federal minimum wage was $5.85 per hour. For work performed from July 24, 2008 to July 23, 2009, the federal minimum wage was $6.55 per hour.  *See* U.S. Department of Labor, Fair Labor Standards Act Advisor, *What is the minimum wage?*, http://www.dol.gov/elaws/faq/esa/flsa/001.htm.  Plaintiff was employed by Sing Tao from September 2003 until August 2008.  (Pl. Decl. ¶ 1).
[10]   Plaintiff also was subject to an Income Execution by the City of New York Marshal on behalf of a Judgment Creditor, further making the circumstances of Plaintiff's compensation unique to him.  (Fu Decl. ¶ 5).

salesperson could and does have a very different job experience than another advertising salesperson.  All of this will become apparent after some discovery.   Nowhere in the meager factual showing Plaintiff relies upon does he discuss work hours, job duties, or anything definite regarding those to whom he claims to be similarly situated.  It is apparent from Plaintiff's declaration that he has no evidence he is similarly situated to anyone at this point of the litigation.

Moreover, Plaintiff had performance issues unique to him.  As a new hire, Plaintiff's probationary period was extended three times which is very unusual.  *Id.* at ¶ 18.  In addition, Plaintiff was terminated when he failed to return from his approved two week long vacation (because he decided to stay in China for an additional two weeks to attend the Olympics).  *Id.* at ¶ 13.  Plaintiff also received numerous verbal and written warnings during the course of his employment to address a variety of unacceptable behavior such as making threats to management, falsifying advertising sales contracts, walking around the office in his underwear, and admitting in writing that he had taken coupons for $3,000 worth of merchandise from a client in exchange for placing ads in a paper.  *Id.* at ¶¶ 14-17.   Sing Tao also learned from Plaintiff's clients after he was terminated (when the paper attempted to collect on his past due accounts) that some of Plaintiff's clients claimed they had paid Plaintiff directly for ads.  *Id.* at ¶ 19.  Plaintiff never turned such money over to the paper.[11]  *Id.*  This misconduct and these performance issues are unique to Plaintiff, and the stark contrast in his performance level as compared to other advertising salespeople demonstrates that he is not similarly situated to those he seeks to represent.  *See Sepulveda v. Wal-Mart Stores, Inc.*, 237 F.R.D. 229 (C.D. Cal. 2006), *rev'd in part on other grounds*, (denying certification of a suit claiming misclassification of assistant managers as exempt because the duties of the potential class members differed according to a number of variables, including geographic location, performance level, and experience level.)

---

[11] Defendants will amend their Answer to include the defense of set-off and other applicable defenses.

For the foregoing reasons, Plaintiff is not similarly situated to those he seeks to represent and his motion for conditional certification should be denied.

### F.     Plaintiff's Claims Require Highly Individualized Inquiries That Are Not Capable of Determination on a Collective Basis At This Early Stage

Even at this early stage, it is clear that an individualized inquiry must be conducted with respect to Plaintiff and the putative class members regarding their exemption status, hours, and wages.  Before the Court can determine whether conditional certification is appropriate, discovery must be conducted as to the applicability of various overtime (and/or minimum wage) exemptions to advertising salespeople.  *Trinh v. JPMorgan Chase & Co.*, No. 07-CV-1666 W(WMC), 2008 WL 1860161 (S.D. Cal. Apr. 22, 2008); *Dean*, 2001 WL 35961086, at *2 ("[d]etermining whether an employee is exempt is extremely individual and fact-intensive, requiring 'a detailed analysis of the time spent performing administrative duties' and 'a careful factual analysis of the full range of the employee's job duties and responsibilities.'"); DOL Opinion Letter, FLSA 2006-31, Sept. 8, 2006.   Sing Tao's advertising salespeople may be exempt under the outside sales exemption, 29 C.F.R. § 541.500 *et seq.,* the administrative exemption, 29 C.F.R. § 541.200 *et seq.,* the combination exemption, 29 C.F.R. § 541.708, the inside sales exemption, FLSA Section 7(i), and some may be exempt under the exemption for highly compensated employees, 29 C.F.R. § 541.601.  (*See* Siu Decl. ¶¶ 3-11; Fu Decl. ¶ 7).

Before the Court rules on conditional certification, the parties must engage in discovery concerning the applicability of these exemptions.  The parties must procure the facts necessary to argue whether advertising salespeople are similarly situated to Plaintiff.[12]  As the case stands today, conditional certification is improper and Plaintiff's motion should be denied.

---

[12] For example, the parties must determine the individual job duties actually performed; the time each individual spent performing each of his or her day-to-day tasks; the importance of each duty performed by each employee (29 C.F.R. § 541.700(a)); whether and to what extent the individual's job duties involved making sales or obtaining orders or contracts for services (29 C.F.R. § 541.501[providing that "[e]xempt outside sales work includes … the solicitation of advertising for newspapers]); the extent to which each individual was customarily and regularly engaged away from the employer's place or places of business (29 C.F.R. § 541.502); whether and to what extent the individual's job duties involved the exercise of discretion and independent judgment "in the light of all the facts involved in the particular employment situation" (29 C.F.R. §§ 541.200(a)(2)-(3), 541.202(b)); each individual's level of autonomy; whether the individual made over $100,000 in compensation and, if so, whether the individual

### G.   Certification Is Inappropriate Because Plaintiff Has Not Established That Anyone Else Wants to Join This Litigation

In addition to properly supporting a motion with admissible evidence, which Plaintiff has failed to do, Courts have required plaintiffs to demonstrate - with more than personal beliefs - that there are other employees who actually desire to participate in the litigation. *Colozzi v. St Joseph's Hosp. Health Ctr.*, 595 F. Supp. 2d 200 (N.D.N.Y. 2009); *Hamelin v. Faxton-St. Luke's HealthCare,* No. 6:08-CV-1219, 2009 WL 211512 (N.D.N.Y. Jan. 26, 2009); *Fengler v. Crouse Health Found., Inc.*, 595 F. Supp. 2d 189 (N.D.N.Y. 2009); *Parker v. Rowland Exp., Inc.*, 492 F. Supp. 2d 1159, 1165 (D. Minn. 2007) (plaintiffs' averment that other potential plaintiffs may exist is insufficient to satisfy their burden); *Davis v. Charoen Pokphand Inc.*, 303 F. Supp. 2d 1272, 1277 (M.D. Ala. 2004)(" plaintiffs must introduce more than their own statements that other potential class members exist.").[13]   Courts have been clear that a plaintiff's mere stated belief in the existence of other employees who desire to opt-in is insufficient.  *See e.g. Horne*, 279 F. Supp. 2d at 1236.  Here, Plaintiff does not even provide his own "mere belief" that other advertising salespersons desire to opt-in to this action.  He is silent on whether there is any interest in this suit from anyone other than himself.

Putative class "interest in joining the litigation is relevant to deciding whether or not to put a defendant employer to the expense and effort of notice to a conditionally certified class of claimants in a collective action." *Simmons v. T-Mobile USA, Inc*., Civ. A. No. H-06-1820, 2007 WL 210008, at *9 (S.D. Tex. Jan. 24, 2007) (collecting cases).  Here, there has been no showing of interest by anyone other than the current lone-named Plaintiff.  It would be an abuse of the conditional certification process to use notice to determine whether interest in a collective action exists.  As one court has aptly stated, "[c]ertification of a collective action and notice to a potential class is not appropriate to determine whether there are others who desire to join the

---

regularly performed a single exempt duty on a regular and consistent basis (29 C.F.R. § 541.601(a)); and whether the individual performed a sufficient amount of different types of exempt duties to qualify for the combination exemption (29 C.F.R. § 541.708).

[13] See also, *Mackenzie v. Kindred Hosps. E., L.L.C.*, 276 F. Supp. 2d 1211, 1220 (M.D. Fla. 2003); *O'Donnell v. Robert Half Int'l, Inc.*, 534 F. Supp. 2d 173, 178 (D. Ma. 2008); *King v. West Corp.*, No. 8:04CV318, 2006 WL 118577, at *12-13 (D. Neb. Jan. 13, 2006).

lawsuit." *Rodgers v. CVS Pharmacy, Inc.*, No. 8:05-CV770T-27MSS, 2006 WL 752831, at *3 (M.D. Fla. Mar. 23, 2006). Plaintiff has failed to show that even one person desires to opt-in, or supports his claims by way of declaration. As such, Plaintiff's motion for conditional certification and notice should be denied.

### H. Even if a Collective Action is Conditionally Certified, Plaintiff's Proposed Notice Must be Rejected

If conditional certification is granted, and it should not be, the Court should not approve the notice submitted by Plaintiff because the notice is inappropriate and deficient. Defendants respectfully request that the Court either modify the notice consistent with the following objections, or permit the parties to confer and submit a joint notice.

### 1. The Court Should Order the Parties to Meet & Confer to Mutually Agree Upon the Notice & Consent to be Disseminated

If this Court were to order that notice should be sent, Defendants respectfully request that the Court deny Plaintiff's request to utilize the notice attached to his moving papers, and instead follow the typical procedure of ordering the parties to meet and confer to devise a mutually acceptable and accurate notice for submission to the Court. *See, e.g., Mendoza,* 2008 WL 938584, at *4; *Davis v. Abercrombie & Fitch Co.*, No. 08 Civ. 1859(PKC), 2008 WL 4702840 (S.D.N.Y. Oct. 23, 2008); *Frederick v. Dreiser Loop Supermarket Corp.*, No. 06 Civ. 15341(AKH), 2008 WL 4724721 (N.D.N.Y. Oct. 24, 2008); *Suarez v. S&A Painting & Renovation Corp.*, No. 08-CV-2984 (CPS)(JO), 2008 WL 5054201 (E.D.N.Y. Nov. 21, 2008); *Chowdhury v. Duane Reade, Inc.*, No. 06 Civ. 2295(GEL), 2007 WL 2873929, *6 (S.D.N.Y. Oct. 2, 2007). *Edwards v. City of Long Beach*, 467 F. Supp. 2d 986, 993 (CD. Cal. 2006) (directing the parties to meet and confer and agree to a form of notice).

### 2. Plaintiff's Proposed Notice Must be Modified to Be Neutral & Accurate

The notice should set out a neutral statement of Plaintiff's claims and the Defendants' answer, without any indication of the future outcome in the case. *Gayle v. U.S.*, 85 Fed.Cl. 72, 81 (2008). Defendants' proposed changes in the interest of accuracy and neutrality are outlined

below.  Defendants have also submitted a proposed notice and consent form which modifies the Plaintiff's proposed notice & consent form.  (Rao Decl., Exhibits A & B.)   The Court should either modify the notice consistent with the following objections and Defendants' proposed notice and consent form, or permit the parties to confer and submit a joint notice, as discussed above.

a.  <u>The Notice Should Not be "From" Plaintiff's Counsel</u>

In the interest of preserving judicial efficiency, Defendants do not object to having potential class members send their consent forms directly to Plaintiff's counsel rather than to the Clerk of the Court (a mechanism which has been frequently used in this district and others).  *See Guzman v. VLM, Inc.,* No. 07-CV-1126 (JG)(RER),  2007 WL 2994278 at *9 (E.D.N.Y. Oct. 11, 2007) (holding that language directing potential class members to Plaintiff's counsel for further information "improperly discourages class members from seeking outside counsel."); *Hallissey v. America Online, Inc.,* No. 99-CIV-3785 (KTD), 2008 WL 465112, at * 4 (S.D.N.Y. Feb. 19, 2008)*; Bowens v. Atl. Maint. Corp.*, 546 F. Supp. 2d 55 (E.D.N.Y. 2008) (ordering that the consent form to become a party plaintiff should be returnable to the Clerk of the Court, not Plaintiffs counsel, to avoid undue suggestions concerning choice of counsel.).

However, Defendants object to Plaintiff's proposed notice to the extent that it is "from" Plaintiff's counsel.  The notice is intended to be a neutral document to inform potential class members of their rights.  As such, it should not be "from" Plaintiff's counsel, or have the signature bar of Plaintiff's counsel at the end of the notice.  *See id.*; *Gayle*, 85 Fed.Cl. at 81 (2008).  Defendants' proposed notice makes this modification.

b.  <u>The Notice Should Separately Inform Potential Class Members That They Can Retain Other Counsel</u>

Potential class members should be informed in a separate section of the notice that they may retain other counsel and do not have to retain Plaintiff's counsel in order to participate in this lawsuit.  *Guzman*, 2007 WL 2994278, at * 7 -*8; *Masson v. Ecolab, Inc*., No. 04 Civ. 4488(MBM), 2005 WL 2000133, at *17 (S.D.N.Y. Aug. 17, 2005); *Gjurovich v. Emmanuel's*

17

*Marketplace, Inc.*, 282 F. Supp.2d 91, 99 (S.D.N.Y 2003); *Iriarte v. Redwood Deli & Catering, Inc.,* No. CV-07-5062 (FB)(SMG), 2008 WL 2622929, at *4 (E.D.N.Y. June 30, 2008); *Schwed v. Gen. Elec.*, 159 F.R.D. 373, 379 (N.D.N.Y. 1995) (holding that each opt-in plaintiff is entitled to be represented by Plaintiffs' attorneys or by an attorney of her own choosing). Defendants' proposed notice makes this modification.

Likewise, the first sentence of the Section entitled "THE LEGAL EFFECT OF FILING OR NOT FILING THE CONSENT FORM" should be modified to state that "[i]f you do not wish to be a part of the lawsuit, you need not do anything. If you do not join the FLSA lawsuit, you will not be part of the FLSA case, and will not be bound or affected by the result, whether favorable or unfavorable to the Named Plaintiff. Your decision not to join this lawsuit will not affect your right to bring a similar case on your own in the future." Plaintiff's proposed version is inaccurate as it states "If you do not file a consent form, you will not receive any money or other relief for FLSA claims in the lawsuit." This is a clear scare tactic to induce individuals to file a consent form and does not accurately advise potential class members of their rights. Defendants' proposed modified language does so.

Finally, Plaintiff's proposed notice states: "…Also enclosed is a form entitled 'Client Information.' It is to enable these attorneys to contact you. To furnish this information to Kraselnik & Lee, PLLC, fill out the form and mail it to the attorneys at the above address." This "Client Information" form was not submitted as part of Plaintiff's moving papers. Defendants object to the sending of any solicitation material to the putative class that neither the Court nor Defendants have seen. Defendants proposed notice removes reference to this "Client Information" form.

      c.     <u>The Defendant's Position on Plaintiff's Claims Should be Included</u>

The notice should be modified to include Defendants' position with respect to this litigation. Plaintiffs' proposed notice fails to include any statement setting forth Defendants' position regarding Plaintiffs' allegations. Accordingly, the section of the notice that describes the lawsuit should be revised to include a statement that Defendants deny Plaintiffs' allegations and

deny that they have violated the FLSA or any other applicable laws. *See Anglada v. Linens 'N Things, Inc.,* No. 06 Civ. 12091 (CM)(LMS), 2007 WL 155251, at *10 (S.D.N.Y. May 29, 2007) (including defendant's denial in the section of the form notice that describes the lawsuit); *Roebuck v. Hudson Valley Farms, Inc.*, 239 F. Supp.2d 234, 241 (N.D.N.Y. 2002) (holding that the notice should contain a statement of defendant's position on the case). Defendants' proposed notice makes this modification.

> d.      Contact Information for Defense Counsel Should be Included

Plaintiffs' proposed notice should also be revised to include the contact information of Defendants' counsel, in addition to the contact information for Plaintiff's counsel. Such information will accurately convey to the putative plaintiffs that Defendants take the claims set forth in this case seriously. *See Guzman*, 2007 WL 2994278, at *8 (holding that courts routinely require that counsel for both parties be listed on the notice form); *Gjurovich*, 282 F. Supp.2d at 99 (approving a form of notice which included contact information for the defendants' counsel). Defendants' proposed notice makes this modification.

> e.      The Notice Should Inform Potential Class Members of Their
>          Obligations as Members of the Collective Action

Plaintiff's notice to the putative opt-ins should be revised to explain the possible consequences of joining and participating in the collective action to ensure that all potential members of the class have decided to join the class based on full and fair informed consent. It is critical that potential opt-ins be aware that they may be subject to the discovery process by signing a consent form. Specifically, Defendants request that the notice set forth that the opt-in plaintiffs may be required to appear and participate in the discovery of this action, including any written discovery and depositions, as well as may be required to appear at trial to provide testimony under oath. *See Hallissey*, 2008 WL 465112, at * 4 (notice should include language that if the potential plaintiffs choose to opt-in, "they may be asked to (1) appear for depositions; (2) respond to written discovery; (3) testify at trial; and (4) pay costs if they do not prevail."); *Bishop v. AT & T Corp.*, 256 F.R.D. 503, 509 (W.D. Pa. 2009) ("the notice must be amended to

inform prospective members regarding the prospect of providing deposition and/or court testimony."); *Bah v. Shoe Mania, Inc.*, No. 08 Civ. 9380, 2009 WL 1357223, at *4 (S.D.N.Y. May 13, 2009) ("Plaintiff must modify the notice to inform the potential plaintiffs that, if they opt in, they may be asked to (1) appear for depositions; (2) respond to written discovery; (3) testify at trial. . . .") (citation omitted); *Reab v. Elec. Arts, Inc.*, 214 F.R.D. 623, 632 (D. Colo. 2002).

Likewise, Defendants also request that that the notice set forth that the potential class members may be held liable for the payment of Defendants' costs associated with this action if Defendants prevail. *See* Fed.R.Civ.P. 54(d); *Hallissey*, 2008 WL 465112, at * 4; *Bah*, 2009 WL 1357223, at *4 ("Plaintiff must modify the notice to inform the potential plaintiffs that, if they opt in, they may be asked to . . . pay litigation costs.") (citation omitted).   Defendants' proposed notice makes this modification.

f.     <u>The Notice Should Explain to Potential Class Members That They Do Not Have an Absolute Right to Participate or to Recovery, But Rather Must Have A Valid Claim</u>

The notice should also include an affirmative statement to the putative plaintiffs that the fact that they have received such notice does not mean that they have a valid claim against Defendants or that they are entitled to any monetary recovery.  Specifically, Courts in this district have permitted the inclusion of language stating "[t] his notice does not mean that you have a valid claim or that you are entitled to any monetary recovery. Any such determination must still be made by the Court." *See Mazur v. Olek Lejbzon & Co*., No. 05 Civ. 2194(RMB)(DF), 2005 WL 3240472, at*6 (S.D.N.Y. Nov. 30, 2005) (upholding such language in Notice and including it in the section entitled "Your Right to Participate in this Suit"). Defendants' proposed notice makes this modification.

g.     <u>The Notice Should Be Limited to a Two-Year Statute of Limitations</u>

The FLSA provides for only a two-year statute of limitations for overtime pay and minimum wage violations, unless the violations at issue are proven to be willful, which extends

20

the statute of limitations to three years. 29 U.S.C. § 255; *see also Amendola*, 558 F.Supp.2d at 478. "A willful violation exists when an employer knew or recklessly disregarded the fact that its conduct violated the FLSA." Id. at 479.  It is the Plaintiff's burden to demonstrate that any alleged violation of the FLSA was "willful." *See Bowrin v. Catholic Guardian Society*, 417 F.Supp. 2d 449, 475 (S.D.N.Y. 2006).  Plaintiff has only made a conclusory allegation that Defendants' alleged violations of the FLSA were willful and has not provided any factual evidence sufficient to demonstrate that Defendants knew that they were violating the FLSA or that they acted with reckless disregard of violating the FLSA. Thus, any conditionally certified class should be limited to the two years preceding the Court's Order granting conditional certification, and the notice should reflect this same time period.  Defendants' proposed notice makes this modification.

        h.        <u>The Notice Should Include a Time Period Within Which Potential Plaintiffs Would Be Required to Opt In</u>

In the event this Court authorizes notice, the Court should direct that any opt-in plaintiffs be required to opt-in within a period which is between 30 and 60 days of service of Court-authorized notice**.**  A timeframe between 30 and 60 days is what the courts generally provide for an opt-in period. *See Garcia v. Salamanca Group, Ltd*., No. 07 C 4665, 2008 WL 818532, at * 5 (N.D. Ill March 24, 2008)(permitting a 45 day opt-in period); *Naton v. Bank of California*, 649 F.2d 691, 697 (9th Cir. 1981) (permitting a 30 day opt-in period); *Gjurovich*, 282 F. Supp.2d at 101 (permitting a 60 day opt-in period), *Jacobsen v. Stop & Shop Supermarket Co*., No. 02 Civ. 5915(DLC), 2004 WL 1918795 (S.D.N.Y. Aug. 27, 2004) (permitting a 60 day opt-in period).

        i.        <u>The Consent Should Be Tailored to the Class Plaintiff Purports to Represent</u>

The Consent proposed by Plaintiff merely requires a potential class member to state that he or she was an "employee" of Sing Tao.  However, Plaintiff's moving papers specifically provide that he is seeking only to represent those individuals employed as "advertising salespeople."  As such, the Consent should be modified to require the opt-in Plaintiff to state that he or she is a current or former advertising salesperson of Defendants.  *See Sobczak v. AWL*

*Indus., Inc.*, 540 F. Supp.2d 354 (E.D.N.Y. 2007) (amending the proposed notice so that it only went to those employees who shared plaintiffs' occupational titles).

## I.     Posting on Defendant's Premises is Not Warranted

Plaintiff's request that Defendants post any court-ordered notice and opt-in consent forms in its facilities should be denied.  Plaintiff has not established that mailing of notice and opt-in consent forms by the typical means of First Class Mail will provide inadequate notice to any current advertising salesperson employed by Sing Tao (former employees would not view the notice in any event, and the only reasonable way to reach them is by mail.)  *See Kuznyetsov v. W. Penn Allegheny Health Sys., Inc.*, Civ. A. No. 09-CV-379, 2009 WL 1515175 at *6 (W.D. Pa. June 1, 2009) (rejecting plaintiffs' request to post notice and opt-in forms at defendants' locations and finding that "first class mail is appropriate as the sole form of notice"); *Mowdy v. Beneto Bulk Trans*p., No. C 06-05682 MHP, 2008 WL 901546 (N.D. Cal. Mar. 31, 2008); *Sharer v. Tandberg, Inc*., No. 1:06cv626, 2006 WL 2988104, at *3 (E.D. Va. Oct. 17, 2006) ("Defendant will not be required to grant Plaintiffs access to their facilities to post notice of suit, as proper notice can be given by first-class mail."); *Barnett v. Countrywide Credit Indus., Inc.,* No. CIV.A.3:01-CV-1182-M, 2002 WL 1023161, at *2 (N.D. Tex. May 21, 2002) ("[M]ailing the notice to the potential class members, rather than also posting them at Defendants' offices, is sufficient to provide the potential opt-in plaintiffs with notice of the suit"); *Russell v. Wells Fargo & Co*., No. C 07-3993, 2008 WL 4104212, at *5 (N.D. Cal. Sep. 3, 2008) ("posting notice in the workplace …will do nothing to notify those [collective action] members who are no longer employed by defendant" and finding that "providing notice by first class mail will be sufficient to assure that potential collective action members receive actual notice of this case.").

Plaintiff has set forth no reason why distribution of the Notice and Consent should not follow the procedure of first class mail.  As such, Plaintiff's request for posting of the Notice and Consent forms should be denied.

**J.      The Information Sought by Plaintiff is Inappropriate**

Should the Court grant conditional certification, Defendants should not be ordered to provide Plaintiff with the inherently private information he seeks regarding Defendants' current and former advertising salespeople.  Plaintiff's request for information should be limited solely to names and last known addresses of the potential putative class members.  Plaintiff has produced absolutely no need for the social security numbers or other inherently private information (telephone numbers and dates of employment) of the potential putative class members.  Plaintiff's counsel's unsupported "belief" that the notice may be returned undeliverable such that social security numbers will be required to find the potential class member is not sufficient to warrant this intrusion into the privacy of Defendants' current and former employees.   *See* Lee Decl. ¶ 2.  This is especially true where the first notice has not even been mailed and there is no reason to believe that any, let alone large quantities, of the notices will be returned as undeliverable.[14]

Courts in this Circuit have agreed that disclosure of social security numbers is not necessary for providing notice of FLSA collective actions. *See Damassia v. Duane Reade, Inc*., No. 04 Civ. 8819(GEL), 2006 WL 2853971, at * 8 (S.D.N.Y. Oct. 5, 2006); *Colozzi*, 595 F. Supp.2d at 210(holding that the plaintiff did not have a need for inherently private information such as email addresses, telephone numbers, social security numbers and dates of birth); *see also Summa v. Hofstra Univ*., No. CV 07-3307(DRH)(ARL), 2008 WL 3852160, at * 7 (E.D.N.Y. Aug. 14, 2008) (ordering defendant to produce the names and last known addresses of individuals employed by defendant university as graduate assistants within the last 3 years, but denying plaintiffs' request for e-mail addresses, social security numbers and dates of employment of each person).  Moreover, the dissemination and use of such information (especially social security numbers) is protected by a panoply of state and federal laws. See, e.g.,

---

[14]  Even if a mailing is returned as undeliverable, because of the protection afforded to the privacy of social security numbers under federal and state laws, Plaintiff should be required to show that there is no other means by which the person can be found before the Court considers whether Defendants should turn over social security numbers.

Section 203(d) of the New York Labor Law, NY GBL § 399-h(2)(a) (2009), 18 U.S.C. §§ 2721-2725.

There is simply no legitimate reason for Plaintiff to possess such legally protected personal information. *See Chowdhury*, 2007 WL 2873929, at *2.  Instead, if Defendants are ordered to disclose information to Plaintiff, they should only be required to disclose names and last known addresses of the FLSA putative class.  *See Krueger v. New York Telephone Co.*, Nos. 93 CIV. 0178 (LMM), 93 CIV. 0179 (LMM), 1993 WL 276058, * 3 (S.D.N.Y. Jul. 21, 1993) (only putative class names and last known addresses disclosed.

### K.  CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion for Conditional Certification.  Alternatively, if the Court is inclined to grant conditional certification and provide notice, Defendants request that (1) Defendants' Notice and Consent be sent to the putative collective action members, (2) only names and last known addresses of the putative class be disclosed, and (3) posting of the notice not be permitted.

Dated: New York, New York
     March 22, 2010

               Respectfully Submitted,

               RAO TILIAKOS LLP

               By:     s/ Anthony J. Rao          

                    Anthony J. Rao (arao@raotil.com)
                    Christina J. Fletcher (cfletcher@raotil.com)

               90 Park Avenue, 18th Floor
               New York, New York 10016
               (212) 455-9224

               *Attorneys for Defendants*